STATE OF MONTANA, acting by and through the Board of Administration of the Public Employees' Retirement System of the State of Montana, Plaintiff,

v.

UNITED STATES of America, and Elliot Richardson, as Secretary of Health, Education and Welfare of the United States of America, Defendants.

Civ. No. 2015.

United States District Court,
D. Montana,
Helena Division.
Feb. 28, 1972.

Robert J. Woodahl, Atty. Gen., State of Mont., Helena, Mont., for plaintiff.

Otis L. Packwood, U. S. Atty., Billings, Mont., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

RUSSELL E. SMITH, Chief Judge.

### FINDINGS OF FACT

The agreed statement of facts is adopted as the findings of the court.

### CONCLUSIONS OF LAW

█ I conclude as a matter of law that the fees collected by salaried justices of the peace in Montana are wages within the meaning of 42 U.S.C. § 409.[1]

█ That section defines "wages" as follows: " . . . the term 'wages' means . . . remuneration paid . . . for employment. . . ." In Montana a salaried justice of the peace is authorized but not obligated to perform marriage ceremonies. R.C.M.1947 § 48–116. He is authorized but not obligated to collect a fee of $5.00 (five dollars) for performing the service and returning the marriage certificate to the clerk of court. R.C.M.1947 § 25–304. The words "shall also be collected" appearing in R.C.M.1947 § 25–304 do not require the justice of the peace to collect since there is no duty to report or remit the fee to the state. R.C.M.1947 § 25–307. However, when a justice of the peace performs a ceremony the law implies a promise on the part of those for whom the service is performed to pay the fee. Though the justice of the peace is not required to perform the service, when he does perform it he does so by virtue of his employment as a justice of the peace, and the money which is paid to him is paid in discharge of an obligation imposed by state law. If the justice of the peace does not collect the fee he in effect makes a gift of the obligation to the newlyweds. Under these circumstances the fees collected for the performances of marriage ceremonies are "remuneration paid . . . for employment." It is not important that the fees are paid by third persons so long as they are paid by reason of the employer's capacity to withhold the service. *See* Jones v. Goodson, 121 F.2d 176 (10th Cir. 1941). Nor is it important that the compensation is called a "fee" rather than a "wage." 20 C.F.R. § 404.1026(a) (3).

The case of the salaried justice of the peace may be distinguished from the minister, the mayor, or the other judges authorized by the statute, R.C.M.1947 § 48–116, to perform marriage ceremonies, and from waiters and others who receive ordinary gratuities, because the salaried justice of the peace is the only one as to whom the law creates an implied obligation to pay.

The action is dismissed and plaintiff is denied all relief.

---

1. It is conceded that the salaried justice of the peace is in a class covered by the agreement between the State of Montana and the Secretary of Health, Education and Welfare pursuant to 42 U.S.C. § 418.